

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

In re JAMES A. MULVIHILL,　　　　　)　　Chapter 7 Proceedings
TERESA KAY MULVIHILL,　　　　　　)　　Case No. 2-05-02070-PHX-CGC
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　UNDER ADVISEMENT DECISION
　　　　　　　　　　　　　　　　　)　　RE: OBJECTION TO EXEMPTIONS
　　　　　　Debtors.　　　　　　　)
　　　　　　　　　　　　　　　　　)　　(Opinion to Post)

At issue is the Trustee's objection to an exemption Debtors claim in potential proceeds from a pending state court lawsuit they have against Mark Tapley, Debtor Teresa Mulvihill's former employer. In particular, Debtors list as exempt, pursuant to Arizona Revised Statute ("A.R.S.") section 33-1131(B) and 15 U.S.C. section 1673, seventy-five percent (75%) of "approximately $12,250 in alleged unpaid bonus earnings." The crux of the dispute is whether any litigation award in the case constitutes wages and, if so, what amount is exempt. For the following reasons, the Court sustains the Trustee's objection in part and overrules the objection in part.

In their state court complaint against Mr. Tapley, Debtors seek $12,230 in unpaid bonuses pursuant to the Arizona Wage Act. They also allege a breach of contract claim and seek treble damages of $36,750, punitive damages of an unspecified amount, pre- and post-judgment interest, attorneys' fees, and costs. From a review of Debtors' Schedule C, it appears Debtors have only sought to exempt the $12,230 in unpaid back wages that are allegedly owed, and not any damages awarded on their breach of contract claim, punitive or treble damages claim or claim for fees and interest. However, at oral argument counsel indicated he believes Debtors were entitled to exempt any and all proceeds awarded as they relate directly to Debtors' wages.

On this issue, the Court disagrees with Debtors. Both Arizona and federal law only exempt "disposable earnings":

> Except as provided in subsection C, the maximum part of the disposable earnings of a debtor for any workweek which is subject to process may not exceed twenty-

> five per cent of disposable earnings for that week or the amount by which
> disposable earnings for that week exceed thirty times the minimum hourly wage
> prescribed by federal law in effect at the time the earnings are payable, whichever
> is less.

A.R.S. section 33-1131(B).

> Except as provided in subsection (b) of this section . . . and in section 1675 of
> this title . . ., the maximum part of the aggregate disposable earnings for any
> workweek which is subjected to garnishment may not exceed
>
> > (1) 25 per centum of his disposable earnings for that week, or
> >
> > (2) the amount by which his disposable earnings for that week
> > exceed thirty times the Federal minimum hourly wage . . . ,
> > whichever is less.

15 U.S.C. section 1673(a).

> Disposable earnings, in turn, are defined as follows:
>
> For the purposes of this section, "disposable earnings" means that remaining
> portion of a debtor's wages, salary or other compensation for his personal
> services, including bonuses and commissions, or otherwise, and includes
> payments pursuant to a pension or retirement program or deferred compensation
> plan, after deducting from such earnings those amounts required by law to be
> withheld.

A.R.S. 33-1131(A). Similarly, 15 U.S.C. section 1672(a) provides that

> the term "earnings" means compensation paid or payable for personal services,
> whether denominated wages, salary, commission, bonus, or otherwise.

Damages, whether punitive or treble, attorneys' fees, interest and the like are not wages, and have never been wages. While certainly related to the wage dispute, they are separate awards independent of the unpaid wages themselves and are above and beyond any unpaid wages not paid. *See in re Plant,* 300 B.R. 22 (Bankr. D. Ariz. 2003) (recognizing that while the settlement amount was related to the homestead, the funds were not necessarily compensation for diminution in value to the home).

That leaves us with two questions, however: Whether a litigation award of $12,230 representing the actual unpaid back wages are "wages" for purposes of the exemption statutes and, if so, what percent of the award is exempt? To the first question, the Trustee urges no: Once these wages are awarded as part of the litigation process, they are no longer wages but instead simply litigation proceeds and outside the protection of the exemption laws. There is no law on point to support this conclusion, and the Trustee's reliance on *In re Hoffpauir,* 125

B.R. 269 (Bankr. D. Ariz. 1990) and *In re Plant* are of little help.

*Hoffpauir* involved a debtor attempting to exempt from the estate under ARS section 33-1126(A)(3) [now (A)(4)] a personal injury award arising out of an automobile policy. The parties all agreed that there was no exemption for personal injury *claims*. However, debtor argued that she was entitled to an exemption of the *proceeds* of the policy because the award arose from an accident policy.[1] The court rejected this argument, stating that debtor was misreading the statute and that the exemption only applied to an accident policy *in effect by an employer*, which everyone agreed was not the situation, and only applied to a *beneficiary* of the policy, which she was not. This case simply does not stand for the proposition that lost wages, as a component of a personal injury case, are not exempt. Neither that issue, nor one even seemingly close to it, was addressed by *Hoffpauir*.

Similarly, *Plant* involved a situation in which the debtor settled a lawsuit in which she sought damages for work negligently performed on her home and then sought to exempt those funds as part of her homestead exemption under ARS section 33-1126(A)(5). The court concluded, however, that subsection (A)(5), as found under Article 2, Chapter 8, Title 33, only applied to *personal property* exemptions and not the homestead exemption: "[N]owhere does the language refer to money arising from the damage to homestead property." *Id.* at 24. Further, unlike the case here, the court noted that the amount recovered pursuant to the settlement were damages and not simply an amount calculated to compensate debtor for the

---

[1]Section 1126(A)(3) provides an exemption for –

> All money, proceeds or benefits of any kind to be paid in a lump sum or to be rendered on a periodic or installment basis to the insured or any beneficiary under any policy of health, accident or disability insurance or any similar plan or program of benefits in use by any employer, except for premiums payable on such policy or debt of the insured secured by a pledge, and except for collection of any debt or obligation for which the insured or beneficiary has been paid under the plan or policy and except for payment of amounts ordered for support of a person from proceeds and benefits furnished in lieu of earnings which would have been subject to such order and subject to any exemption applicable to earnings so replaced.

3

Case 2:05-bk-02070-CGC   Doc 27   Filed 06/22/05   Entered 06/23/05 15:47:05   Desc
Main Document      Page 3 of 5

diminution in the value of her home: "The settlement, however, has never been allocated, so it is impossible to tell what proceeds, if any, actually relate to the diminution of the value of the home." *Id.* at 25. While the recovery was related to her homestead, it was not purely an award to compensate for the actual loss of value to the home by the negligent construction. In comparison, Debtors' Arizona Wage Act claim is purely to recover her unpaid wages, not a damage award simply *related* to wages.

Nothing the Trustee urges convinces the Court that an award of unpaid back wages should be construed as anything other than wages under the statute. This is especially true in light of the fact that, if Debtors' allegations are true, they had nothing to do with the withholding of the wages by Mr. Tapley. This case does not present the parade of horrors the Trustee fears: This is not a case where Debtors have voluntarily deferred income to create a nest egg only to later file bankruptcy and avoid turning the funds over to the estate by claiming an exemption. As if oft-cited, Arizona's exemption statutes are to be liberally construed in favor of the debtor. *In re Elia,* 198 B.R. 588 (Bankr. D. Ariz. 1996).

The question then becomes how much can Debtors exempt? Again, the Trustee's argument falls flat. Both the federal and state exemption statute provide that only 25% of the salary for any given workweek can be garnished. The Trustee reads this to limit the exemption to 75% of only one week's worth of wages. This tosses both provisions on their heads and ignores the fact that the statutes speak of "any workweek," not any one workweek. The underlying purpose of the statutes is to prevent continual garnishments of an individual's wages in excess of 25% for any given workweek. Garnishment is normally an act that occurs over time and affecting several pay periods, not simply one. It makes little sense to read the statute as only prohibiting garnishment exceeding 25% for a one week period or one pay period. The idea is to allow garnishment in a fair amount on a continual basis so that an individual retains sufficient income to provide for his or her needs while repaying whatever debt is owed. Simply because Debtors may be receiving all these unpaid wages in one lump sum does not mean only one week's worth of wages is protected for the statutory amount. If

4

the Trustee had wanted to garnish them as they were earned and paid, he would have been limited to only 25% of the wages for each workweek.

Last, the Court is also not persuaded by the Trustee's argument that if the wages had been paid in the normal course by the employer, they would not be exempt now. That misses the critical point – that they were not paid. As long as they have not been paid, the exemption law still applies. Arizona case law makes clear that earnings not yet paid are subject to the exemption statute: Once earnings are paid, they become monies and are no longer exempt. *See In re Palidora,* 310 B.R. 164 (Bankr. D. Ariz. 2004); *Frazer, Ryan, Goldberg, Keyt & Lawless v. Smith,* 184 Ariz. 181, 907 P.2d 1384 (App. 1995).

Therefore, Debtors are entitled to exempt from the estate 75 percent of any award representing actual, unpaid wages. Any amounts awarded in punitive damages, treble damages, interest, attorneys' fees, costs or the like are not exempt.

So ordered.

DATED: June 22, 2005

CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

COPY of the foregoing mailed or sent
via facsimile this ____ day of
June, 2005, to:

Terry A. Dake
Terry A. Dake, Ltd.
11811 N. Tatum Blvd., Suite 3031
Phoenix, Arizona 85028-1621
Attorney for Trustee

Kirk Trompeter
Trompeter, Schiffman, Petrovits, Friedman & Hulse, LLP
10801 N. 32nd Street, Suite 5
Phoenix, Arizona 85028
Attorneys for Debtors

5